IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
SENIOR JUDGE WALKER D. MILLER

Civil Action No. 01-cv-01861-WDM-PAC

ANN T. HAYDEN,

      Plaintiff,

v.

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY,

      Defendant.

---

## ORDER ON MOTION FOR ATTORNEYS' FEES

---

Miller, J.

      This matter is before me on Plaintiff Ann T. Hayden's Motion for Legal Fees Pursuant to 28 U.S.C.A. 2412 (Docket No. 41).   Defendant Commissioner of Social Security opposes the motion.   After a review of the pleadings and the parties' written arguments, I conclude oral argument is not required.   For the reasons that follow, the motion will be granted in part.   Plaintiff is entitled to her attorneys' fees but the amount sought shall be reduced somewhat.

<u>Background</u>

      I take the following background from the decision of the Tenth Circuit in *Hayden v. Barnhart*, 374 F.3d 986 (10th Cir. 2004):

>       Before her disability began, Ms. Hayden had worked as a receptionist, doing typing, filing, filling out medical forms, answering the phone, using an adding machine, retrieving files, and carrying boxes of files.   Ms. Hayden was originally found to be disabled as of June 26, 1991, due to severe sarcoidosis, left cranial nerve palsy, cervical disc herniation and cervical

radiculopathy. She was subsequently diagnosed with arthralgia and fibromyalgia, which was reflected by pain, swelling, and stiffness in her hands and wrists, with diminished grip strength.

After a medical consultant reviewed her medical records in 1998, the Commissioner notified Ms. Hayden of the agency's conclusion that Ms. Hayden's disability had ceased on March 1, 1998, and that benefits would terminate on May 1. The conclusion was based on findings that she had medically improved and was able to return to work as a receptionist. Ms. Hayden requested reconsideration. . . . [The hearing officer] concluded that Ms. Hayden "must be denied disability on the basis of insufficient information to assess the extent of her disability," thereby affirming the Commissioner's prior decision to terminate benefits.

Ms. Hayden requested a hearing by an ALJ, which was held in May 1999. She submitted an RFC assessment prepared by her treating physician and additional medical reports. She testified that the fibromyalgia affected her hands the most, and that they swelled and were stiff almost daily. She stated that sometimes she could not write, drive, pick up heavy things, or grip a doorknob, and that they were "always painful."

The ALJ questioned a vocational expert (VE) about jobs in the local economy that Ms. Hayden could perform, including her previous job as a receptionist, in the following colloquy:

> [A]ssume ... an individual who could perform exertionally at the sedentary level, however the person would be unable to push or pull with the upper extremities. Would be able to occasionally stoop, kneel, crouch, but would never be able to crawl. Would be able to frequently handle, and would be able to do overhead reaching. Could such a person ... perform the work previously performed by Ms. Hayden as a receptionist as that work is done in the national economy?
>
> A. Yes, Judge....

Ms. Hayden's attorney then asked the VE whether Ms. Hayden could do her former work if she could only use her hands in the

manner in which she testified--"occasional" or "less than occasional" instead of "frequently." The expert replied that, "[b]ased on her testimony, ... specifically with respect to ... the use of her hands, I don't believe she could do work as a receptionist," but stated that she could perform work as a surveillance systems monitor.  The ALJ next asked:

> Okay, any other work [besides surveillance systems monitor] that someone could do with the same restrictions I gave you, but occasional use of the upper extremities?
> A. I would have to say no, Judge.

According to the VE, approximately 135 surveillance monitor jobs existed statewide.

In his decision, the ALJ found that Ms. Hayden continued to have severe medical impairments including "neck pain, GERD [Gastroesophageal reflux disease], systemic rheumatic disorder, arthralgia, and fibromyalgia." He found her testimony to be "not entirely credible."  But, based on the record as a whole, including Ms. Hayden's testimony, the ALJ determined that Ms. Hayden had an RFC to perform sedentary work, subject to the following limitations: "She should not push/pull with her upper extremities. She can occasionally balance, stoop, kneel and crouch, but she cannot crawl; nor should she do any overhead work or frequent handling."

The ALJ accepted the VE's testimony as valid, but interpreted it to mean that "someone with claimant's vocational factors, limitations, and [RFC] could perform the sedentary, semi-skilled job of receptionist." Accordingly, the ALJ concluded that Ms. Hayden's disability ceased, effective March 1, 1998, as she could perform her past relevant work as a receptionist.

*Hayden*, 374 F.3d at 988-990 (record citations and footnotes deleted).  I affirmed the Commissioner's decision.

The Tenth Circuit reversed and remanded the case to me with instructions to remand to the Commissioner for reinstatement and payment of continuing benefits.  The Tenth Circuit concluded that the ALJ had erred by determining that Plaintiff could perform

her past relevant work.  *Hayden*, 374 F.3d at 990.  The ALJ's own RFC was limited so that Plaintiff should not do frequent handling; however, the vocational expert testified that the receptionist position required frequent handling and, in fact, that the only sedentary unskilled job a person with Plaintiff's limitations could perform was a surveillance monitor. *Id.*  In addition, the Tenth Circuit held that the ALJ had erred in making his credibility determination because he did not address Plaintiff's claims of disabling headaches and did not specify what testimony he found not to be credible.  *Id.* at 992.  The Court also noted that the referenced medical records were consistent with Plaintiff's testimony that her symptoms increased and decreased in severity.  *Id.* at 993.  Finally, the ALJ failed to consider other factors in assessing Plaintiff's credibility.  Id. at 994.

Plaintiff now seeks attorneys' fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412 for fees incurred in appealing the case to this court and to the Tenth Circuit, as well as time spent on litigating the EAJA petition itself.  Plaintiff seeks a total of $ 22,077.77.

<u>Standard of Review</u>

The EAJA provides that a court may award reasonable attorneys' fees "to the prevailing party in any civil action brought by or against the United States or any agency or any official of the United States acting in his or her official capacity."  28 U.S.C. § 2412(b).  A petition for such fees must be submitted within thirty days of final judgment and must show "that the party is a prevailing party and is eligible to receive an award under this subsection, and the amount sought, including an itemized statement from any attorney or expert witness . . . stating the actual time expended and the rate at which fees and other expenses were computed. The party shall also allege that the position of the United States

4

was not substantially justified." 28 U.S.C. § 2412(d)(1)(B).  "Whether or not the position of the United States was substantially justified shall be determined on the basis of the record (including the record with respect to the action or failure to act by the agency upon which the civil action is based) which is made in the civil action for which fees and other expenses are sought."  *Id.*  The Commissioner has the burden of proof to show that his position was substantially justified.  *Gilbert v. Shalala*, 45 F.3d 1391, 1394 (10th Cir. 1995).  "The test for substantial justification in this circuit is one of reasonableness in law and fact." *Id.* Thus, the government's position must be "justified to a degree that could satisfy a reasonable person." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988). The government's "position can be justified even though it is not correct."  *Id.* at 566 n. 2.  EAJA fees may be awarded where the ALJ's underlying action was unreasonable even if the government thereafter advanced a reasonable litigation position.  *Hackett v. Barnhart*, 475 F.3d 1166, 1174 (10th Cir. 2007).

## Discussion

Plaintiff presents a timely petition under the EAJA.  Although not set forth in the first petition, in the course of the briefing she does establish that she is the prevailing party and is eligible for fees under the EAJA.  She also alleges that the Commissioner's position in this case was not substantially justified.  The petition is supported by an itemized listing of hours and tasks and by an affidavit from Plaintiff's attorney.

The Commissioner therefore has the burden of demonstrating that his position was substantially justified.[1]   The Commissioner argues that his position was substantially

---

[1]The Commissioner also argues in his response that the fee petition is deficient because it does not include an allegation that Plaintiff is the prevailing party and that

justified because there was significant medical evidence to show that Plaintiff's symptoms and conditions had improved, including evidence from Plaintiff's treating physician, who opined that Plaintiff's symptoms improved with medication and, in March 1999, opined that Plaintiff could perform a number of work-related physical actions (lift/carry 10 pounds occasionally, stand, walk, sit, and occasionally climb, balance, stoop, crouch, kneel, and crawl). With respect to the particular points of error upon which the Tenth Circuit reversed, the Commissioner asserts that based on the evidence on the record "it was not unreasonable for the ALJ to conclude Plaintiff could perform her past work as a receptionist," despite the limitation on handling found by the ALJ himself in his RFC. Response at 7. Similarly, as to the ALJ's credibility determination, the Commissioner notes that the ALJ indeed credited some of Plaintiff's testimony but only failed to specify "that aspect of Plaintiff's testimony he disbelieved." *Id.* at 8. The Tenth Circuit also disagreed with the ALJ that the Plaintiff's testimony was inconsistent regarding the waxing and waning of her symptoms; the Commissioner, however, does not offer an explanation for why this position was substantially justified other than to assert that it was the ALJ's duty to weigh the evidence.

The Commissioner also objects to the amount sought by Plaintiff as unreasonable. Specifically, the Commissioner objects to the rate charged by Plaintiff's attorney, citing 28 U.S.C. § 2412 (d)(2)(A) (setting fees at $125 per hour absent special factors, which may be adjusted to reflect increases in cost of living). The Commissioner also objects to fees sought for what is essentially of clerical work, *i.e.*, filing documents with the court and

she is eligible to receive an award under the EAJA. This was a deficiency in the petition, but Plaintiff has cured this in her reply and supplemental reply brief.

preparing letters to transmit documents to Plaintiff.  Other disputed items are requests for fees for time spent reviewing the Tenth Circuit rules of appellate procedure, filing requests for extensions of time, and travel time.  The Commissioner also objects to the 37 hours sought for preparing Plaintiff's appellate brief as excessive, but provides no affidavit or other evidence from which I could determine what would be an appropriate expenditure of time for this aspect of the litigation.

Plaintiff argues in reply that the Tenth Circuit has already determined that the government's actions were not substantially justified because the Commissioner took the erroneous position on appeal that the burden of proof was on Plaintiff.  However, I disagree that the question of substantial justification has already been resolved.  The Tenth Circuit reviewed this case under the "substantial evidence" standard, which may or may not amount to a lack of substantial justification.  The government's position on appeal regarding the burden of proof was clearly in error, but Plaintiff does not offer persuasive authority to show that this alone would justify an award of fees under the EAJA for the entire litigation.

I conclude that the government's position lacked substantial justification with respect to the inconsistency between the ALJ's RFC finding and his determination that Plaintiff could perform her past work.  Aside from the ALJ's initial error in this regard, the Commissioner continued to argue, even at the appellate level, that the ALJ's finding was supported by substantial evidence without addressing this factual error.  *Hayden*, 374 F.3d at 990.  In addition, as noted by Plaintiff, there was no substantial justification for the Commissioner's argument on appeal that the Plaintiff had the burden of proof, which is directly contrary to established Tenth Circuit law.  *Id.* at 991 ("That the Commissioner raises this argument on appeal is surprising and troublesome, as counsel conceded at oral

argument in the district court that the proper steps and burdens in termination-of-benefits-proceedings are found in § 404.1594(f), not in § 404.1520.").

However, I conclude that the Commissioner was substantially justified with respect to the second basis for the Tenth Circuit's reversal.  The ALJ's error regarding his determination of Plaintiff's credibility was primarily one of omission and, given the discrepancies in the record, including information from Plaintiff's treating physician, not entirely unreasonable.  Moreover, I note that Plaintiff did not clearly articulate her argument regarding alleged flaws in the ALJ's credibility determination in her appeal to this court. Plaintiff did not raise the credibility determination as a point of error in her brief and she mentioned it only once in oral argument, at the end of her opening statement.  See Tr., Feb. 27, 2003, at 6.  The government's response to this at the hearing was reasonable, in that the Commissioner's representative points to the inconsistencies in the record that could support the ALJ's findings.  The Tenth Circuit's opinion regarding this portion of the decision also does not indicate that the Commissioner's arguments were unreasonable in light of the law and facts on the record.  Rather, the Tenth Circuit notes that the ALJ plainly found that some of Plaintiff's testimony was credible and that the primary errors were the failure to address Plaintiff's claims of disabling headaches and the failure to specify what testimony was not credible.  I conclude that the government's litigation position with respect to other points of error raised in the appeal to this court was also substantially justified.

In addition, I agree with the Commissioner that Plaintiff's attorney is not entitled to an award of fees for time spent on work that is essentially clerical, or at most paralegal, rather than legal.  This includes entries for such tasks as filing documents with the court, preparing returns of service, preparing cover letters to Plaintiff for enclosing court

8

documents, and similar items.  Several entries appearing to charge for clerical work include entries dated 9/1/01, 11/4/01, 1/16/02 (second entry), 2/11/02, 3/19/02, 4/30/02, 12/11/02, 2/1/03, 2/5/03, 3/3/03, 5/12/03, 7/15/03, 7/9/04, and 9/22/04.    See Gerald Harley's Supporting Affirmation for Motion, Exhibit to Motion for Legal Fees (Docket No. 41).  These total approximately eleven hours which should be billed at a lower rate or not at all. Further, given that the government's litigation position was substantially justified as to several grounds for reversal in the Tenth Circuit and with respect to issues raised in this court, I should consider some downward adjustment for limited success.  I have no ability to identify which hours might be attributed to issues which were substantially justified and no suggestion is made how I might calculate a reduction, although no precise rule or formula is prescribed.  *See Hensley v. Eckhardt*, 461 U.S. 424, 436 (1983).  I conclude a downward adjustment of entirely excluding the hours that appear to at least partially charge for clerical work would be an appropriate downward adjustment for both clerical work and limited success on some issues while ultimately prevailing on the key issue of reinstatement.

This leaves the issue regarding Plaintiff's attorney's hourly rate.  Under the EAJA, attorney fees shall not be awarded in excess of $125.00 per hour unless I determine that an increase in the cost of living or other special factor justifies a higher fee.  28 U.S.C. § 2412(d)(2)(A)(ii).  Plaintiff has not persuaded me that any particular factors that would justify a higher hourly rate other than cost of living increases.  To make an adjustment to account for cost of living, courts routinely rely on the Consumer Price Index ("CPI") report compiled and published by the U.S. Bureau of Labor Statistics, typically for the region where services were performed.  *See, e.g., Chargois v. Barnhart*, 454 F. Supp. 2d 631, 634

(E.D. Tex. 2006). In general, adjustments are determined by using the 1996 annual CPI index as the base factor (or divisor/denominator) and the annual CPI index for the year in which services were rendered as the comparison factor (or numerator) and using that quotient as a multiplier of $125 to produce an adjusted hourly rate. *Id.* at 634 n. 5. Using the CPI for the West urban area, I conclude that Plaintiff's attorney is entitled to an hourly rate of $143.72 for services provided in 2001, $146.49 for services provided in 2002, $149.58 for services provided in 2003, $153.08 for services provided in 2004, $157.76 for services provided in 2005, $163.15 for services provided in 2006, and $168.33 for services provided in 2007 .

Given the hours provided in Plaintiff's attorney's affirmation, and excluding the approximately eleven hours as described, I arrive at the following total:

| Year | Hours | Rate | Total |
|------|-------|------|-------|
| 2001: | 2.7 | $143.72 | $ 388.04 |
| 2002: | 21.2 | $146.49 | $ 3105.59 |
| 2003: | 86.5 | $149.58 | $ 12,938.67 |
| 2004: | 9.1 | $153.08 | $ 1393. 03 |
| 2005: | 4.2 | $157.76 | $ 662.59 |
| 2006: | 1.5 | $163.15 | $ 244.73 |
| 2007: | 6.5 | $168.33 | $ 1094.15 |
| Combined Total: | | | $ 19,826.80 |

Accordingly, it is ordered:

1.      Plaintiff Ann T. Hayden's Motion for Legal Fees Pursuant to 28 U.S.C.A.

2412 (Docket No. 41) is granted.  Plaintiff is awarded attorneys' fees of

$ 19,826.80 as the prevailing party in this litigation.

DATED at Denver, Colorado, on December 3, 2009.

BY THE COURT:


s/ Walker D. Miller
United States Senior District Judge

PDF FINAL                                                    11